**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-584-16 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| HARRY HARRIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Harry Harris ("Harris") to revoke detention. (Doc. No. 442.) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 444.) For the reasons that follow, Harris' motion is DENIED.

## I. BACKGROUND

On August 11, 2021, an indictment was returned charging Harris and fifteen other individuals with participation in a criminal organization "whose members and associates engaged in drug distribution, and acts of violence involving murder, assault, robbery, and witness intimidation," in Canton, Ohio. (Doc. No. 1 (Indictment), at 2.[1]) Specifically, Harris was charged with one count each of racketeering conspiracy and conspiracy to possess with intent to distribute cocaine, cocaine base, and fentanyl, and two counts of distribution of cocaine base. (*Id.* (Counts 1, 5, 12, 13, respectively).) At his arraignment on August 24, 2021, Harris was appointed counsel, and the government moved for detention pending trial. (Minutes of Proceedings [non-document],

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

8/24/2021.) The magistrate judge ordered Harris detained pending a detention hearing. (*Id.*; *see* Doc. No. 31 (Order of Temporary Detention).)

On September 1, 2021, a detention hearing was held before the magistrate judge. At the conclusion of the hearing, the magistrate judge took the matter under advisement. (Minutes of Proceedings [non-document], 9/01/2021.) On September 7, 2021, the magistrate judge granted the government's motion for pretrial detention. (Doc. No. 98 (Order of Detention).) In ordering Harris detained pending trial, the magistrate judge determined that a rebuttable presumption arises under 18 U.S.C. § 3142(e)(3) in favor of detention because Harris was charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed under the Controlled Substances Act. (*Id.* at 2.) The magistrate judge also found that Harris had not presented sufficient evidence to rebut the presumption that no conditions will reasonably assure his appearance at trial and the safety of the community. (*Id.*)

Even though he determined that Harris had not overcome the presumption in favor detention, the magistrate judge went on to find that the government had established, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. (*Id.*) In support of this determination, the magistrate judge relied on the following: (1) the weight of evidence against Harris was strong, (2) Harris would be subjected to a lengthy period of incarceration if convicted, (3) Harris' prior criminal history, (4) his history of violence or use of weapons, (5) he participated in criminal activity while on supervised release, (6) his history of substance abuse, (7) his lack of stable employment, (8) his lack of financially responsible sureties, and (9) his prior supervised release violations. (*Id.* at 2–3.)

On March 30, 2023, the Court conducted a change of plea hearing wherein Harris entered counseled guilty pleas to Count 5 (Conspiracy of Distribute), and Counts 12 and 13 (Distribution). (Minutes of Proceedings [non-document], 3/30/2023.) The guilty pleas were offered in connection with a plea agreement whereby the government agrees to dismiss Count 1 (Racketeering Conspiracy) in exchange for the guilty pleas to the remaining counts charged against Harris. (Doc. No. 408 (Plea Agreement).) Pursuant to the agreement, the parties agree to recommend a sentence within the applicable federal sentencing guidelines range to be determined by the Court. (*Id*. ¶ 13.) Beyond this general agreement not to seek a departure or variance from the guidelines range, the parties remain free to advise the Court of any relevant facts and to make any appropriate recommendations under the law. (*Id*. ¶ 29.)

At the conclusion of the guilty plea hearing, the Court remanded Harris to the custody of the U.S. Marshals. The Court ordered the preparation of a Presentence Investigation Report by U.S. Probation and Pretrial Services and set sentencing for July 5, 2023. (Minutes of Proceedings [non-document], 3/30/2023.)

**II.    DISCUSSION**

On May 8, 2023, Harris filed the present motion in which he moves for bond pending sentencing. (Doc. No. 442, at 1.) In support he represents that "[t]he time [Harris] already has been incarcerated during the pendency of this case is approximately equivalent to the sentence which he will receive, after accounting for good time credits and halfway house placement." (*Id*.) He predicts that the relevant sentencing guidelines range will be 21–27 months. (*Id*. at 3.) Noting that he has already spent 20 months in pretrial detention, he suggests that were he to "remain detained until his sentencing hearing, his pre-sentence detention could exceed his actual sentence." (*Id*.)

Release pending sentencing, as relevant here, is governed by 18 U.S.C. 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions not applicable here. Under 18 U.S.C. § 3143(a)(1), the Court:

> shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 944 does not recommend a term of imprisonment, be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

Harris has failed to demonstrate by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community. Harris was convicted of trafficking (and conspiring to traffic) controlled substances, inherently dangerous activities. He also has a lengthy criminal history that spans approximately twenty-five years. In addition to multiple drug and weapons convictions, Harris has prior convictions for assault (and aggravated assault), aggravated menacing, and domestic violence. (Doc. No. 77 (Pretrial Services Report), at 3–8.) One of his assault convictions was entered as recently as 2018. (*Id*. at 8.)

Harris represents that, if released, he will live with his family and assist in the care of daughter. (Doc. No. 442, at 3.) He also posits that his circumstances have changed since he was originally detained as he no longer faces a lengthy sentence now that the racketeering charge is to be dismissed.[2] (*Id*.) While this fact and his family ties may have a bearing on whether Harris is likely to flee, they do not speak to Harris' dangerousness. Rather, the same reasons that supported

---

[2] To the extent that Harris argues "changed circumstances" under 18 U.S.C. § 3142(f)(2)(B) warrant his release, that statutory provision is only applicable to defendants that are detained pending trial. As previously noted, Harris' motion is governed by § 3143, which addresses release pending sentence or appeal and carries with it a presumption in favor of detention. § 3143(a).

4

the magistrate judge's pretrial detention determination of dangerousness remain applicable. Accordingly, the Court finds that Harris has failed to demonstrate by clear and convincing evidence that he does not pose a danger to the community. He is, therefore, subject to detention under § 3143(a)(1).

Once detained in accordance with § 3143(a)(1), an exception contained in § 3145(c) allows release pending sentencing or appeal "under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added).

The Court does not find the existence of "exceptional reasons" for release. "Exceptional reasons" permitting the release of a defendant subject to detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991); *see United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010) (noting that "the ordinary meaning of 'exceptional' suggests that only reasons that are 'out of the ordinary,' 'uncommon,' or 'rare' would qualify" (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008)). "In addition, even exceptional reasons would not justify release if they [were] based on nothing more than probability, conjecture, intuition or speculation." *Christman*, 712 F. Supp. at 654. Rather, it is clear from the statute's explicit language that exceptional reasons must be "clearly shown" before they will be sufficient to overcome the presumption in favor of detention pending sentencing. *Id*. (quoting 18 U.S.C. § 3145(c).)

Here, Harris has not clearly shown that his continued detention will cause him to serve more jail time than the Court may impose at sentencing. Rather, his argument is steeped in layers of unsupported speculation: that the Court will sentence him at the lowest end of the guidelines

5

range, that he will receive the maximum amount of good time credit available, and that he will be permitted to reside in a halfway house at the earliest possible opportunity. (*See* Doc. No. 442, at 1, 3.) Such conjecture and supposition fall short of establishing that Harris is facing the rare circumstance where bond pending sentencing under § 3145(c) is appropriate. *See, e.g., United States v. Porter*, 442 F. Supp. 3d 903, 907 (W.D. Pa. 2020) (rejecting as an exceptional circumstance defendant's concern that his continued detention will result in him over-serving his sentence premised on similar assumptions).

Ultimately, the Court finds that Harris has not satisfied his burden of demonstrating reasons sufficient to persuade the Court that temporary release under any statutory provision is warranted.

III. **CONCLUSION**

For the foregoing reasons, Harris' motion for bond pending sentencing is DENIED.

**IT IS SO ORDERED**.

Dated: June 23, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**